### CARTER
### v.
### LOUISVILLE TRANSIT CO. et al.

### BELTON
### v.
### LOUISVILLE TRANSIT CO. et al.

Court of Appeals of Kentucky.

Dec. 4, 1953.

Charles W. Anderson, Jr., Louisville, for appellants.

James Hendricks and Bullitt, Dawson & Tarrant, Louisville, for appellees.

COMBS, Justice.

Plaintiffs, Mrs. Gussie Carter and Sam Belton, claim to have been injured when an automobile in which they were riding collided with defendant's bus at the intersection of Chestnut and Fifteenth Streets in Louisville. They appeal from judgments entered on directed verdicts for the defendant at the close of plaintiffs' testimony.

Chestnut is a one-way street for traffic going east; Fifteenth is a two-way street and runs north and south. These streets intersect at right angles and at the intersection there are stop signs on both streets.

The bus was traveling east on Chestnut; plaintiffs' car was traveling north on Fifteenth. The bus stopped at the southwest corner of Chestnut and Fifteenth to discharge passengers. The car stopped in obedience to the intersection stop sign on Fifteenth Street. It then entered the intersection and ran into the side of the bus, which had not only entered the intersection but had almost cleared it. At the time of the collision, the front end of the bus was

almost even with the east curb line of Fifteenth Street.

██ The trial court, in directing verdicts for the defendant, stated that plaintiffs had failed to show any negligence on the part of defendant's driver. We agree. Since the car struck the side of the bus after the bus had almost cleared the intersection, the conclusion is inescapable that the bus entered the intersection first. That being so, the bus driver had the right to assume that plaintiffs' driver would yield the right of way. There is no material dispute about the facts, and the only inference which reasonably can be drawn is that the accident was caused solely by the negligence of plaintiffs' driver. Consequently, there was no issue to submit to the jury. The cases cited by plaintiffs are not applicable to this situation.

The judgment is affirmed.